UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. SPENCER,

        Plaintiff,                  Case No.  24-cv-11255
                                                   Hon. Matthew F. Leitman

v.

STOYK, *et al.*,

        Defendants.

_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Ronald D. Spencer is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC").  On April 15, 2024, Spencer signed and dated a civil-rights Complaint pursuant to 42 U.S.C. § 1983 (*See* Compl., ECF No. 1.)  The Complaint was docketed in this Court on May 13, 2024. (*See id.*)

In the Complaint, Spencer alleges that Defendants Stoyk, Deperron, and Doe violated his Eighth and Fourteenth Amendment rights and his rights under the American with Disabilities Act (the "ADA").  More specifically, Spencer says that on May 6, 2021, while housed at the Gus Harrison Correctional Facility in Adrian, Michigan, Corrections Officer Stoyk sprayed a chemical agent in Spencer's eyes and placed him in one pair of handcuffs behind his back, despite a medical detail that required him to be placed in double handcuffs.  Spencer further alleges that Sergeant

Duperron assisted with the cuffing and left him tightly cuffed for three hours in a shower cage. Spencer says that Stoyk's and Duperron's actions were unwarranted and caused injuries to his shoulder as well as nerve damage for which he has received no medical treatment. He further claims Warden John Doe wrongfully denied his grievance on the matter. Spencer now brings claims against the Defendants in their official and individual capacities for excessive force.

The Court has conducted a preliminary screening of Spencer's Complaint, and for the reasons explained below, the Court dismisses certain claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

**I**

On May 16, 2024, the Court granted Spencer *in forma pauperis* status in this action. (*See* Order, ECF No. 5.) Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints, including those filed by *pro se* plaintiffs, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil-rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused

by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II

### A

First, Spencer's claims against Defendant Warden John Doe must be dismissed. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same). *See also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (explaining that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). *See also* Fed. R. Civ. P. 8(a).

Here, Spencer alleges that Defendant Doe denied his grievance. (*See* Compl., ECF No. 1, PageID.5, 7.) But a defendant's participation in the grievance process alone cannot establish that defendant's personal involvement in a constitutional

4

violation. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2003) (holding that a plaintiff "may not base his claim against the individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"). Thus, Spencer has not stated a viable claim against Warden Doe. The Court will therefore **DISMISS** Warden Doe as a Defendant in this action.

**B**

Second, to the extent that Spencer brings claims against MDOC employees in their official capacities, the Defendants are entitled to immunity from those claims. The Eleventh Amendment to the United States Constitution bars civil-rights actions (except claims for prospective injunctive relief) against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to State employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Here, the State of Michigan has not consented to being sued in civil

rights actions in the federal courts, *see Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Thus, Spencer's claims for monetary damages and non-prospective injunctive relief against any MDOC employee in his or her official capacity must be dismissed.

## C

Third, Spencer also raises claims that the Defendants violated his Fourteenth Amendment rights and violated the ADA. However, Spencer has not alleged any facts that could establish that the Defendants violated either the Fourteenth Amendment or the ADA. The Court will therefore dismiss those claims.

## D

Finally, the Court concludes that for the purposes of initial screening only, Spencer's claims against Defendants Stoyk and Duperron arising out of their alleged use of excessive force are not subject to summary dismissal. Nothing in this order precludes those Defendants from filing a motion to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III

For the reasons explained above, the Court **DISMISSES** defendant Warden John Doe from this action because Spencer no longer has any valid pending claims for relief against Warden Doe.

In addition, the Court **DISMISSES** (1) Spencer's claims against Defendants Stoyk and Duperron in their official capacities based on sovereign immunity and (2) Spencer's claims against those Defendants under the Fourteenth Amendment and the ADA.

The Court further concludes that Spencer's claims against Defendants Stoyk and Duperron arising out of their alleged use of excessive force survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Finally, an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 22, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
